William Stang, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

556

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Catherine T. Martin,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *John T. Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 8, 1980:

William Stang (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) denying him compensation under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which denies benefits to those who voluntarily leave work without cause of a necessitous and compelling nature.

The claimant was employed by the United States Postal Service (employer) as a clerk and he retired in January of 1979. He subsequently applied for unemployment compensation, and he testified at a hearing before a referee that he retired because of chest pains he suffered when he pushed heavy containers of mail. He also presented a doctor's certificate so indicating, and he personally testified that he was available and able to perform lighter clerical duties.

The Board's crucial findings were as follows:

4. The claimant did not request other work more suitable to his condition before retiring.

5. Continuing work was available to the claimant had he chosen to remain employed.

Generally, an employee who leaves his employment for health reasons must meet three requirements to establish eligibility for unemployment compensation:

First, the employee must inform the employer of the health problems . . . Second, the employee must request a transfer to work which is suitable in light of the health problems . . . Third, the employee must offer 'competent testimony that at the time of termination, adequate health reasons existed to justify termination.' (Emphasis deleted.)

*Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 460, 383 A.2d 988, 989-90 (1978).

The claimant argues here, however, that, when the request for a transfer would have been futile, the second requirement is inapplicable. *McDonald v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 16, 408 A.2d 1181 (1979); *Duprey v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 469, 406 A.2d 847 (1979). And he testified at the hearing that his job was "about as light a job as I could have in the Post Office". The

558

employer's representative at the hearing was apparently not sure whether or not lighter work was available, but the record contains frequent indications of "inaudible" and it is not clear to us just what the situation really was. If no lighter work was available, a request for a transfer was unnecessary, but the Board made no finding on this crucial issue.

We must therefore remand this matter to the Board for further consideration and findings as to the availability of lighter work.

### ORDER

AND Now, this 8th day of July, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and the record is remanded to the Board for the purpose of making additional findings consistent with our opinion herein.