Carol M. Hoffman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Robert J. Manara,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 18, 1981:

Carol M. Hoffman has appealed from an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's denial of benefits to Claimant because she quit her employment without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Claimant argues here that she terminated her employment for the necessitous and compelling reason of health problems, which were caused by her cold, damp work environment. Claimant claims the Board capriciously disregarded competent evidence which demonstrated that she met the three-pronged test qualifying her for benefits by reason of her health problems; therefore, she argues, the Board's decision should be reversed. We shall not address her argument on the merits, however, for Ms. Hoffman alternatively contends that this case should be remanded because she was denied a fair and impartial hearing by the referee.

On this due process issue, Ms. Hoffman basically contends that the referee failed to provide the assistance or advice contemplated by the procedural rule of 34 Pa. Code §101.21(a), which provides:

> In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal be-

fore whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

Ms. Hoffman, an uncounseled claimant, was not advised by the referee of her right to have an attorney, to offer witnesses and to cross-examine adverse witnesses.

This Court recently found persuasive the dictum of Justice KAUFFMAN in *Unemployment Compensation Board of Review v. Ceja,* Pa. , 427 A.2d 631 (1981) that fairness and 34 Pa. Code §101.21(a) require that at the very least a referee must specifically advise an uncounseled claimant of these basic rights at hearing. *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 429, 430 A.2d 354 (1981).

The referee's failure in this regard demands that we remand this record to the Board for a new evidentiary hearing at which Ms. Hoffman, if uncounseled, shall be notified of her right to have counsel, to cross-examine adverse witnesses and to offer witnesses in her behalf.

The Board's order is reversed and remanded for a new hearing consistent with this opinion.

ORDER

AND Now, this 18th day of June, 1981, the order of the Unemployment Compensation Board of Review, dated April 25, 1980, is reversed and the record remanded for a new hearing consistent with this opinion.

Judge PALLADINO dissents.

Judge WILKINSON, JR. did not participate in the decision in this case.