Harold G. Lingenfelter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Roger T. Margolis,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her, *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 13, 1981:

Harold G. Lingenfelter (claimant) appeals from an order of the Unemployment Compensation Board of Review which denied him benefits pursuant to Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), for a refusal to accept suitable work. We vacate and remand.

The claimant contends that he had good cause to refuse the proffered work because it was unsuitable. We shall not decide the merits of that contention, however, because he also argues that the referee violated his right to due process of law by denying him a full and fair hearing. Specifically, the claimant, who was unrepresented by counsel, was not advised of his right to secure an attorney, to offer witnesses on his behalf, and to cross-examine adverse witnesses.

This Court has recently held that, in an unemployment compensation case, a referee must advise an uncounseled claimant of his right to procure an attorney, to offer witnesses, and to cross-examine adverse witnesses. *Hoffman v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981); *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981). The referee's failure to so advise the claimant requires that we remand this case to the Board for a new evidentiary hearing consistent with this opinion.

ORDER

AND Now, this 13th day of November, 1981, the order of the Unemployment Compensation Board of

358

Review in the above captioned case, dated February 28, 1980, is vacated, and the record is remanded for a new hearing consistent with this opinion.