H & A Sales Company, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Thomas J. Miller,* with him *Herman S. Harvey, Jr., Blaxter, O'Neill, Houston & Nash,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, December 21, 1981:

H & A Sales Company appeals an Unemployment Compensation Board of Review order granting benefits to Rhonda C. Spindler. We reverse.

Rhonda Spindler (then known as Richard) worked for H & A Sales for approximately four and one-half months as an industrial equipment salesperson, prior to obtaining a sex change operation. Based on her personal misgivings about her inability to meet and deal with her regular customers after the surgery, she voluntarily terminated her employment. The Board concluded Spindler quit for a necessitous and compelling reason and awarded benefits.

Our scope of review in an unemployment compensation case, where the party with the burden of proof has prevailed below, is limited to determining whether the Board's findings are supported by substantial evidence or an error of law was committed. *Remaly v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980), *citing, Frick v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 198, 375 A.2d 879 (1977).

We cannot conclude that a personal and anticipatory motivation for voluntarily terminating one's employment constitutes a necessitous and compelling rea-

son. We find no evidence which would constitute a necessitous and compelling reason for leaving work. The record reveals no change in work, shift, schedule or conditions, at least as far as the employer is concerned. There was no dissatisfaction registered by Spindler nor any deception practiced by the employer, rather only Spindler's anticipation and expectation, without request for alternative work, that the "change" would materially and detrimentally affect her working effectiveness. There was also no evidence that she informed the employer of any health problem, that she requested transfer to work which was more suitable, or that, at the time of termination, any adequate health reason existed to justify termination. *Stang v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 555, 415 A.2d 1288 (1980).

Without some meaningful attempt by the claimant to remain a member of the labor force, we cannot condone this award of benefits. Claimant's "change" was clearly necessary and important to her but does not rise to a necessitous and compelling reason to terminate employment.

Reversed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-179526 dated January 7, 1980, is reversed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent.

The unemployment compensation authorities found credible the claimant's testimony that his return to work as a salesman of heavy industrial equipment to a regular clientele after a sex change operation would be emotionally and psychologically destructive and that the claimant was compelled by his physical con-

dition and the surgical procedure made necessary by that condition to leave that employment. I would affirm the referee's and Board of Review's decisions based on these findings that the claimant's quit was for a cause of necessitous and compelling nature.