Marian Glammer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Richard H. Elliott, Cotlar, Aglow & Elliott,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *William J. Kennedy,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 12, 1982:

This is an appeal by Marian Glammer (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision that Claimant had voluntarily terminated her employment without cause of a "necessitous and compelling" nature and was therefore disqualified from receiving unemployment compensation benefits by Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).[1]

Claimant, who voluntarily terminated her employment on March 27, 1980, was given a hearing to determine her eligibility for unemployment compensation benefits on August 21, 1980. The only person in attendance at this hearing was Claimant who was proceeding without counsel. The transcript from the hearing covers less than three pages and consists primarily of Claimant's testimony of a personality conflict with her employer which had devolved into

---

[1] Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section "402(b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

"harassment" of her of a degree requiring her to leave her job. The referee, however, ruled that Claimant's termination was primarily motivated by dissatisfaction with working conditions and that she was therefore ineligible for benefits. The Board, in affirming, specifically found that Claimant was not harassed by her employer.

In her appeal to this Court, Claimant, who is now represented by counsel, asserts that she was denied elemental standards of due process in the conduct of the August 21, 1980, hearing. Specifically, Claimant alleges that the referee had a telephone conversation with Claimant's employer concerning the circumstances of Claimant's termination of employment but that no witnesses appeared on behalf of the employer at the hearing and that she was thus denied her right to cross-examine adverse witnesses upon whose testimony the referee's decision may have been based. Neither the referee's decision nor the record, however, contain any indication whatsoever of such an ex parte discussion or testimony and it is therefore impossible for this Court to address Claimant's allegation. Moreover, since it was Claimant's burden to establish cause of a necessitous and compelling nature for voluntarily terminating her employment[2] and since the referee found against Claimant based on her own testimony, the absence of employer from the hearing does not, in and of itself, constitute a denial of due process. *Fallack v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 564, 395 A.2d 1058 (1979).

Claimant also asserts that the referee actively discouraged her from summoning witnesses and failed to afford her an opportunity during the hearing for

---

[2] *Gaiser v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 259, 423 A.2d 57 (1980).

the presentation of witnesses. With respect to the referee's alleged attempts to discourage Claimant from summoning witnesses, they too are not of record and are therefore also beyond the power of this Court to address. As for the claim that there was no opportunity to present witnesses, however, Claimant did not bring any witnesses to the hearing. Thus, her claim on appeal can only be construed as meaning that the referee did not give her the advice or assistance required by 34 Pa. Code §101.21(a) insofar as the presentation of witnesses is concerned. Section 101.21(a) reads:

> In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

Under the terms of §101.21(a) the referee should, at the minimum, advise a claimant appearing at a hearing without counsel of his right to have an attorney, to offer witnesses and to cross-examine adverse witnesses. *Hoffman v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981). Moreover, said advice should appear of record so as to enable this Court to fully review appeals by claimants grounded on an alleged failure by the referee to afford them the due process required by §101.21(a).

Whereas the record in the instant matter reveals no attempt by the referee to render to the uncounselled claimant herein the advice or assistance re the presentation of witnesses required by §101.21(a) we hereby enter the following

## ORDER

Now, August 12, 1982, the order of the Unemployment Compensation Board of Review in the above captioned matter is hereby vacated and the case is remanded for further proceedings consistent with this opinion.

Judge MENCER did not participate in the decision in this case.