Geraldine Demmy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 1, 1982, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Geraldine N. Demmy,* Petitioner, for herself.

*Karen Durkin,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 27, 1982:

This is an appeal by Geraldine N. Demmy (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision that Claimant had voluntarily terminated her employment without cause of a "necessi-

tous and compelling" nature and was therefore disqualified from receiving unemployment compensation benefits by Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).[1]

In her appeal to this Court, Claimant, who has proceeded without counsel throughout this matter, asserts that, at the referee's hearing held on March 28, 1980, medical certification, which ostensibly substantiates her claim that she was forced to quit her job for reasons of health, was improperly excluded from evidence. In conjunction with this assertion, Claimant implies that she was not given the assistance or advice in presenting her case required by 34 Pa. Code §101.21(a) which reads:

> In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

The Board, while arguing that its decision is supported by substantial evidence, concedes that Claimant did not receive a fair and impartial hearing because she was not given the necessary assistance or advice and submits that a remand of this case for new evidentiary hearings is appropriate pursuant to the decision of this Court in *Hoffman v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981).

---

[1] Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section "402(b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

Accordingly, in light of our own review of the record, which reveals Claimant's implications to be accurate, and the concession of the Board, we hereby enter the following

### ORDER

Now, September 27, 1982, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter is hereby vacated and the case is remanded for new evidentiary proceedings consistent with this opinion.

Judge MENCER did not participate in the decision in this case.