Samuel E. Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 12, 1982:

The Unemployment Compensation Board of Review affirmed a referee's decision denying benefits to Samuel E. Johnson and assessing a fault overpayment. We affirm.

Johnson, an automobile mechanic, was laid off and initially awarded benefits. Subsequently, he was accused of receiving remuneration at another job[1] while collecting benefits.

---

[1] The Bureau (now Office) of Employment Security received a statement from John McCullough that Samuel Johnson was working for Parkhurst Refrigeration and being paid in cash. The Bureau then conducted an investigation that found Johnson had been working at Parkhurst Refrigeration and received a written note from Mr. Parkhurst stating that Johnson was being paid cash on a job-by-job basis. The OES then disqualified Johnson from receiv-

The referee denied benefits, concluding that Johnson was not unemployed under Sections 401[2] and 4(u)[3] of the Unemployment Compensation Law. Johnson contends that he received no monetary remuneration for his services.[4] We have, however, already concluded that remuneration is not limited to wages and paychecks. *Unemployment Compensation Board of Review v. Miedama*, 27 Pa. Commonwealth Ct. 207, 365 A.2d 900 (1976).

Johnson also asserts that his employer should have been compelled to testify. In situations where an employer's testimony is *crucial,* such testimony should be compelled. *Unemployment Compensation Board of Review v. Cooper,* 25 Pa. Commonwealth Ct. 256, 360 A.2d 293 (1976). But, we conclude, here that the employer's testimony was not crucial to the outcome because there was sufficient evidence presented.[5]

Johnson further asserts that the Board's decision cannot be based solely on the referee's disbelief of his

---

ing benefits and ruled that Johnson had received benefits to which he was not entitled. It was from this determination that Johnson appealed.

[2] Section 401 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801, provides that compensation shall be paid only to an employe who is *unemployed.*

[3] 43 P.S. §753(u) defines unemployment:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him. . . .

[4] Johnson originally claimed he was merely being provided space in Parkhurst's garage to store his tools and do personal work on his family vehicles. Johnson later admitted that occasionally Parkhurst had *loaned* him money.

[5] The Board's investigators, Alex Wolfson and Kenneth O'Neill, and Kenneth Carrington of the Department of Justice testified that Johnson had received remuneration while working at Parkhurst's garage.

testimony, which he claims is the only competent evidence; however, the referee may reject even uncontroverted testimony. *Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 310 A.2d (1973).

When the party with the burden of proof below[6] has not prevailed, our scope of review is limited to determining whether the Board has legally erred or whether there is substantial evidence to support its conclusions. *H & A Sales Co. v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 304, 437 A.2d 1296 (1981). The Board's conclusions were based on substantial evidence.

Finally, the Board ruled under Section 804(a)[7] of the Law that Johnson must repay a $4,230 fault overpayment, based on the unemployment benefits Johnson received during the period that the Board determined he was employed. The assessment of the fault overpayment was correct in light of the Board's findings that Johnson was employed.

Affirmed.

### ORDER

The Unemployment Compensation Board of Review Order Number B-189246, dated October 31, 1980 is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[6] The burden of proving a right to unemployment compensation rests with the claimant. *Ormiston v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 225, 427 A.2d 746 (1981).

[7] 43 P.S. §874(a) provides in pertinent part:

Any person who by reason of his fault has received any sum as compensation under the act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him.