Angela Shires, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Gerald W. Laska,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 21, 1983:

The petitioner in this unemployment compensation case has appealed from an order of the Unemployment Compensation Board of Review upholding the decision of a referee that the petitioner was ineligible for benefits as a voluntary quit, Section 402 of the Unemployment Compensation Law, 43 P.S. §802(b). The petitioner had been employed as a nurse's aide for about six months when in February, 1980 she applied for and was given a maternity leave. Her baby was born in August, 1980 but the petitioner did not get in touch with her employer until January, 1981 when she was told that she had been replaced and that no work was available.

At a referee's hearing, the petitioner testified that at the commencement of her maternity leave she believed that the leave was to last eighteen months and that her intended return to work was consistent with

and predicated on that belief. The referee found, however, that the petitioner's maternity leave instead "expire[d] six weeks after the birth of her baby" and that the petitioner's failure at that time to return to work or to notify her employer of her inability to do so constituted abandonment of her position of employment. The evidence on the issue of the understanding of the petitioner and her employer as to the length of the maternity leave consists of a written statement of the employer to the effect that the petitioner agreed to a 180 day leave and the following testimony of the petitioner elicited at the hearing by the referee:

Q: Now, you requested and were granted a maternity leave of absence, is that right?

A: Yes.

Q: Now, your baby was born when?

A: August.

Q: Your doctor released you to go back to work on August 4th?

A: Right.

Q: Why didn't you go back to work?

A: Well, the length of my leave of absence, I thought I had it for 18 months. It is a little dumb now that I think about it but I misunderstood, and it was 180 days she gave me but I thought it was 18 months leave.

The petitioner was not represented by counsel at the referee's hearing and was not advised by the referee of her right to have counsel, to cross-examine adverse witnesses and to offer witnesses in her behalf. The absence of such advice requires us to remand the case for a new hearing unless it clearly appears that the failure to so advise the petitioner was harmless error and without resulting prejudice. *Unemployment Compensation Board of Review v. Ceja*, 493 Pa. 588, 427 A.2d 631 (1981); *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct.

275, 431 A.2d 378 (1981); *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981). The petitioner argues that the absence of counsel was prejudicial because, as we have indicated, her eligibility for unemployment compensation turns on the nature of the understanding reached with her employer concerning the length of her maternity leave and because the proof that a 180 day leave was agreed to consists of a written statement of the employer which the petitioner now contends was inadmissible hearsay but which was not objected to at the hearing.

No representative of the employer appeared at the hearing to testify or to be subjected to cross-examination. The petitioner's testimony, set forth above, is certainly relevant to the issue of the length of the maternity leave but does not support an inference that the petitioner knew or had any reason to know that the leave had expired prior to the date on which she first notified her employer of her intention to return to work and she was told that she had been dismissed. Indeed, the referee apparently credited her testimony that her mistaken belief as to the length of the maternity leave was honestly embraced albeit somewhat unreasonable. It does not appear to us to be so clear that argument before the referee by petitioner's counsel would not have been helpful, that an employee whose actions are consistent with an honest but mistaken belief as to the length of an unpaid leave of absence has thereby abandoned his employment.

On this state of the record, we are constrained to reverse the order of the Board and to remand the matter for a new evidentiary hearing at which time the petitioner, if then uncounseled, shall be advised of her right to have counsel, to cross-examine adverse witnesses and to offer witnesses in her behalf.

Order reversed; record remanded.

ORDER

AND Now, this 21st day of January, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is remanded for further proceedings consistent with this opinion.