William J. Moshos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1983, to Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Timothy J. Reese, Xakellis, Mongiovi & Reese,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 12, 1983:

The Unemployment Compensation Board of Review affirmed the referee's decision disallowing benefits to claimant William J. Moshos on the ground that he was self-employed within the meaning of section 402(h) of the Unemployment Compensation Law.[1] On the claimant's appeal, we reverse the board.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. §802(h). Section 402(h) provides in part:

An employee shall be ineligible for compensation for any week—

. . . .

(h) in which he is engaged in self-employment: provided, however, that an employee who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any ac-

The question is whether the referee and board erred as a matter of law[2] in ruling that an unemployment compensation claimant who increases his unpaid participation in a sideline business from two hours to five hours per week after being laid off from full-time employment has so substantially changed his self-employment activity that he is ineligible to receive unemployment compensation benefits.

Claimant Moshos worked as a full-time manager for Commonwealth Systems for three-and-one-half years until his layoff in November, 1981. In January, 1981 Moshos and his brother Mark had formed a partnership involving the operation of Mama Mia's Pizzeria and ownership of a building which they had purchased from their parents. Mark actually ran the business on a full-time basis and drew a salary in 1981. Before his layoff, William Moshos did not participate in the operation of the business except to help out behind the counter occasionally in the evenings. William Moshos received no compensation for his services, which he estimated to involve approximately two hours per week, and he has not received any distributed profits from the partnership since its formation. He testified that, after his layoff, he would also occasionally help out behind the counter during lunch, adding approximately three hours per week to his unpaid participation in the business. The referee concluded that William Moshos thereby substantially

tivity . . . undertaken while customarily employed by an employer in full-time work whether or not [said] work is in 'employment' as defined in this Act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

[2] When the party with the burden of proof below has not prevailed, our scope of review is limited to determining whether the board has legally erred or whether there is substantial evidence to support its conclusions. *Johnson v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 15, 452 A.2d 292 (1982).

changed his participation in the business, so that he did not satisfy the conditions of §402(h).

This court has interpreted section 402(h) to allow a self-employed person to collect benefits under the following four conditions: (1) that the self-employment activity precedes valid separation from full-time work; (2) that it continues without substantial change after separation; (3) that the claimant remains available for full-time work after separation; and (4) that the self-employment activity is not the primary source of the claimant's livelihood. *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 445, 366 A.2d 629 (1976).

Here, conditions (1), (3) and (4) have been met, and they are not in dispute. Therefore, the pivotal issue is whether the claimant's self-employment activity continued without substantial change after his separation from Commonwealth Systems, so as to satisfy condition (2).

We have addressed the issue of substantial change in a sideline activity on three previous occasions. *Parente* does not state the precise hourly increase in sideline activity which justified a ruling of substantial change in that case. We do note, however, that in affirming the referee's finding that claimant devoted "more time to the sideline activity after a layoff," the court indicated that the claimant's "testimony clearly demonstrated that his participation in the business affairs . . . *increased substantially.*" (Emphasis added.) *Parente,* 27 Pa. Commonwealth Ct. at 458, 366 A.2d at 631.

The implication, supported by the language of §402(h), is that a mere showing that claimant's participation in the sideline has increased, in an absolute sense, is insufficient; rather, the evidence must establish that claimant's participation has increased substantially before the referee can find that the claim-

ant's self-employment activity has meaningfully changed after separation.

In *Higgins v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 509, 405 A.2d 1024 (1979), we affirmed a referee's decision that a post-layoff increase of participation in a sideline activity from three to forty-five hours per week was a substantial change, disqualifying the claimant for benefits. In *Quinn v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 172, 446 A.2d 714 (1982), we held that an increase from thirty to sixty hours was also a substantial change. Both of these cases involved increases in participation which brought it to fulltime magnitude as bases for findings of substantial change in self-employment activity.

We cannot set forth an inflexible rule that in all cases an increase of a certain amount of hours, or an increase by a certain factor in participation in a sideline, will constitute substantial change in self-employment activity. In this case, however, we determine that the post-layoff increase in participation from two to five hours per week was not sufficient to justify a finding that William Moshos' self-employment activity had substantially changed.

We must conclude that the referee and board erred as a matter of law because the facts as found by the referee and adopted by the board fall short of the legal standard of substantial change under §402(h).

We therefore reverse.

### ORDER

Now, October 12, 1983, the order of the Unemployment Compensation Board of Review, dated August 27, 1982, affirming the referee's decision disallowing William Moshos to receive benefits is reversed and this case is remanded for computation of benefits.

Jurisdiction relinquished.