Richard Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 4, 1984, to President Judge Crumlish, Jr. and Judges MacPhail and Colins, sitting as a panel of three.

*Gregory Brooke O'Connell,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Colins, June 6, 1984:

Richard Miller (Claimant) appeals a decision of the Pennsylvania Unemployment Compensation Board of Review (Board), which reversed a referee's decision to award benefits to Claimant on the ground that Doma Importing Company (Employer), proved willful misconduct by the Claimant.[1] Claimant maintains that the Board's order is not supported by substantial evidence, that the referee, acting as a hearing officer for the Board, failed to advise him of his right to coun-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) provides, in relevant part:

"An employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge . . . for willful misconduct . . . ."

sel, to offer witnesses, and to cross-examine adverse witnesses at the hearing.

Claimant was employed as a truck driver. He was discharged on June 1, 1981 for general unsatisfactory work performance and, specifically, for damaging an engine on a truck and not completing his work within a specified amount of time. Claimant was also involved in an accident with employer's truck.

The Office of Employment Security (Office) initially determined that the Claimant was eligible for benefits. The employer appealed the Office's decision, and following a hearing at which the Claimant appeared without counsel, the referee affirmed this decision.

The employer filed an appeal and the Board remanded the case to a referee, acting as Hearing Officer for the Board. The Board reversed the decision of the first referee and denied benefits to Claimant, finding willful misconduct.

Claimant maintains that the Board's legal conclusions are not supported by substantial evidence. We need not address this argument on the merits, however, for he alternatively contends that this case should be remanded because he was denied a fair and impartial hearing by the referee as required by 34 Pa. Code §101.21(a).[2]

The record indicates that Claimant appeared at all hearings without counsel. However, the record does not indicate that he was advised by the referee as to

---

[2] 34 Pa. Code §101.21(a) provides:

In any hearing, the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel, the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

his right to counsel, his right to present witnesses, and his right to cross-examine witnesses.

Under the terms of 34 Pa. Code §101.21(a), the referee, at the very least, must specifically advise a Claimant without counsel of his right to have an attorney, to offer witnesses, and to cross-examine adverse witnesses. *Hoffman v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981). Moreover, said advice should appear of record so as to enable this Court to fully review appeals by Claimants grounded on an alleged failure by the referee to afford them the due process required by §101.21(a), as indicated in *Glammer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 303, 449 A.2d 78 (1982).

However, this Court recently held in *Shires v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 298, 454 A.2d 680 (1983) that if a referee doesn't advise Claimant of his rights the case should be remanded unless the Court is convinced that the failure to advise is harmless error, resulting in no prejudice to the Claimant.

The record in this case does not contain irrebutable testimony as to the direct cause of the accident or the engine damage. Also, there was no explicit policy calling for the discharge of employees who amass overtime or requiring employees to complete all deliveries by a given time. Therefore, we find that Claimant was prejudiced by not being apprised of the opportunity to be represented by a lawyer and to rebut the testimony offered by the employer.

Due to the referee's failure to advise Claimant of his rights, we remand this case to the Board for a new evidentiary hearing. The Board's order is vacated and the matter is remanded for a new hearing consistent with this opinion.

ORDER

AND Now, June 6, 1984, Decision Number B-202378 of the Unemployment Compensation Board of Review, dated January 5, 1982, is vacated and the record is remanded to the Board for further proceedings in accordance with this opinion.

Jurisdiction relinquished.