Carol Anne Ehmann, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1984, to Judges MacPhail, Colins and Blatt, sitting as a panel of three.

*Andrew F. Schneider,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard. L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Colins, November 1, 1984:

Carol Anne Ehmann (claimant) appeals from the decision of the Unemployment Compensation Board of Review (Board), affirming the decision of the referee denying her benefits. Claimant was employed at the Quality Lumber Company (employer) as a stock clerk from October 8, 1981 to March 17, 1983. She resigned after being reprimanded for an addition error. She alleges that she left because she suffered sexual harassment and discrimination, resulting in her being rejected for a position as a yard person (yardman) at a higher rate of pay.

Claimant bases her appeal upon the grounds that her leaving was of a necessitous and compelling na-

ture and that the Board capriciously disregarded competent evidence in making a contrary finding of fact and conclusion of law which was unsupported by substantial evidence. Claimant also requests a remand because she was not properly advised by the referee of her right to have an attorney, to present witnesses and evidence, to cross-examine witnesses and to enforce subpoenas. She further claims that she was not properly assisted by the referee in the enforcement of her subpoena when the witness failed to appear.

Claimant testified that her employer informed her, *inter alia*, that she could not do the job because she was a woman and that, in fact, no woman could do the job because it involved heavy physical labor. Her employer testified that although he was not guilty of sex discrimination ''No woman can perform a yardman's job function.'' Claimant also has filed a complaint with the Human Relations Commission.

The referee found that claimant voluntarily quit because she was dissatisfied with her rate of pay, working conditions, and the manner in which she was reprimanded for errors. She was found not to have sustained her burden of showing that her quitting was of a necessitous and compelling nature caused by the alleged sexual harassment. This decision was affirmed by the Board.

The claimant bears the burden of showing that she left her employment for necessitous and compelling reasons. *Iaconelli v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 117, 423 A.2d 754 (1980). Good cause for leaving is that which would compel a reasonable person to act in the same manner. *Kuhn v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 176, 432 A.2d 1156 (1981). Mere resentment of a reprimand or dis-

satisfaction with her wages or work assignment does not constitute sufficient cause of necessitous and compelling nature for voluntarily quitting employment. *Lynn v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 178, 427 A.2d 736 (1981).

The employer's failure to increase claimant's wages and his refusal to change her duties does not demonstrate necessitous and compelling reasons for her voluntary termination of her employment. The Board did not capriciously disregard competent evidence.

Claimant also argues that the referee did not properly assist her at the hearing. According to 34 Pa. Code §101.21(a), the referee should advise a claimant who appears without counsel that she has a right to an attorney, to offer witnesses and to cross-examine adverse witnesses. *Hoffman v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981). This advice should appear of record. *Glammer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 303, 449 A.2d 78 (1982). The referee referred claimant to the Hearing Notice, which stated that any party may be accompanied by an attorney. The claimant stated that she was aware of this and that she was ready to proceed.

We decided recently, in *Shires v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 298, 454 A.2d 680 (1983), that if a referee does not advise claimant of her right, the matter should be remanded unless the Court finds this harmless error, not resulting in prejudice to the claimant.

The referee, of course, need not advise a party on evidentiary questions or on specific

points of law but must act reasonably in assisting in the development of the *necessary* facts, and any failure to develop an adequate record must be prejudicial to the claimant and not mere harmless error or else a reversal will not be found. (Footnote omitted; emphasis in original.)

*Bennett v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982).

The referee here advised claimant of her right to have an attorney present. She cross-examined her employer but was not informed by the referee that the Board could take steps to have a subpoena enforced[1] when her witness refused to appear. However, she testified to the referee that the witness did not hear her quit, but could testify as to the circumstances occurring that day. Even if the witness had testified, confirming all claimant had alleged, this testimony would have only been cumulative. There was no factual dispute between claimant and her employer as to the events surrounding her departure. The dispute concerns inferences to be drawn from the testimony. Therefore, the witness's appearance would not have altered the outcome. The referee's failure to notify claimant of his ability to enforce a subpoena was harmless error.

The decision of the Board is affirmed.

ORDER

AND Now, November 1, 1984, the order of the Unemployment Compensation Board of Review, No. B-219362, dated June 29, 1983, is affirmed.

---

[1] 34 Pa. Code §101.34.