555 A.2d 260

Dieter Sievers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 4, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Loralyn McKinley*, for petitioner.

*Jonathan Zorach*, Assistant Counsel, with him, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, August 26, 1987:

This is an appeal by Dieter Sievers (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).[1] We affirm.

---

[1] Section 402(b) of the Act provides in pertinent part:
An employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, ... provided further, that no otherwise eligible claimant shall be denied benefits for any week in which his unemployment is due to exercising the option of accepting a layoff, from an available position pursuant to labor management contract agreement or pursuant to an established employer plan, program or policy.

Claimant was employed by Nabisco Brands, Inc. (Employer) for approximately seventeen years. His last day of employment was October 31, 1985 and at that time Claimant was employed as a maintenance foreman. Claimant's employment separation came about through an operation leveraging and streamlining plan (OL&S) offered by Employer to all management employees including Claimant. This plan was necessary in order to effectuate necessary staff reductions by allowing management employees to voluntarily terminate their employment and thus avoid involuntary staff reductions.

At the hearing before the referee, Claimant was unrepresented by counsel and Employer failed to appear. Based on the documents submitted into evidence and Claimant's testimony, the referee made the following pertinent findings of fact which were affirmed by the Board:

2. In April of 1985, all salaried employees were informed that a reduction in managerial staff was necessary; however, a certain program was being offered in order to proclude [sic] involuntary reduction.

3. The claimant, as well as other members of the supervisory staff, attended a meeting in April of 1985, and the program was discussed with all of the individuals. Any individual interested in the program would have to inform the employer no later than 5-17-85.

4. Any employee who chose not to accept the program would be advised as to whether they would be retained following any voluntary separation.

5. The claimant accepted the employer's program with its benefits, and voluntarily terminated his employment effective 10-31-85.

6. Continuing work was available, had the claimant chosen to remain employed.

7. The claimant received benefits to which he was not entitled, through no fault of his own.

On appeal, Claimant presents two arguments for our consideration: (1) whether the Board erred when it found Claimant ineligible for benefits when the findings of fact disclosed that Claimant's employment separation was pursuant to Employer's plan to reduce its work force, and (2) whether Claimant was denied due process when the referee failed to advise Claimant as to his right to subpoena witnesses or other alternatives for securing Employer's testimony.

Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). The burden of proving eligibility for benefits under Section 402(b) of the Act is on the claimant. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982).

Claimant asserts on appeal that he did not voluntarily terminate his employment but was laid off. However, Claimant's testimony before the referee does not support this contention. When asked by the referee whether or not his departure from his employment was a temporary lay off Claimant responded "No, this was permanent."[2] There is also substantial testimony by Claimant that his departure was voluntary. More specifically, Claimant indicated that no one specifically came to him and asked whether or not he would accept the package. Rather, he

---

[2] *See* Notes of Testimony (N.T.) from January 14, 1986 at p. 5.

had to go to Employer in order to ask what his benefits would be and the mere fact an employee applied for the program did not mean Employer would accept him into the program. Claimant advised the referee that he was offered a benefit package by Employer and that he had thirty days in which to accept or reject the package. Claimant also admitted that, at the time of his acceptance of the benefit package, he had no knowledge as to whether or not he would in fact have been terminated if he had decided to keep working. It was also Claimant's testimony that if he had elected to reject the package and eventually his position was eliminated, he was told by Employer that he would be given the same benefit package but that he had nothing in writing to verify this. Claimant also stated that there had been no cut in his level of staff because enough people accepted Employer's termination package and therefore there was no need for staff reductions.[3] Accordingly, we conclude that, based upon Claimant's testimony, the referee's findings that Claimant voluntarily terminated his employment are based upon substantial evidence.

Secondly, Claimant asserts that he was denied due process because the referee failed to advise Claimant that he could subpoena witnesses or conduct a telephone hearing if required. Claimant further contends that the referee incorrectly advised Claimant that she could not "force them [Employer] into testifying". The rules of practice and procedure governing hearings before referees in unemployment compensation cases provide at 34 Pa. Code §101.21(a) as follows:

> In any hearing the tribunal may examine the parties and their witnesses. *Where a party is not represented by counsel the tribunal before whom*

---

[3] *See* N.T. from January 14, 1986 at pp. 6-9.

*the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses and give him every assistance compatible with the impartial discharge of its official duties.* (Emphasis added.)

Thus, under the terms of 34 Pa. Code §101.21(a), the referee, at a minimum, must advise a pro se claimant of his or her right to have an attorney, to offer witnesses, and to cross-examine adverse witnesses. *Miller v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 97, 476 A.2d 495 (1984).

In the case at hand, the record indicates that the referee advised Claimant "You have the right to have an attorney present with you. You have the right to present any witnesses in your behalf, and if the employer were present you would have the right to question the employer regarding their testimony."[4] The referee also indicated that she could not "force" Employer to testify.[5]

Thus, we must determine whether the referee's statement that she could not "force" Employer to testify was prejudicial error, and whether the referee was required to advise Claimant that he could subpoena witnesses or conduct a telephone hearing. This Court held in *Shires v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 298, 454 A.2d 680 (1983) that if a referee does not advise a pro se claimant of his rights, the case should be remanded unless the court is convinced that the failure to advise is harmless error, resulting in no prejudice to a claimant. A claimant as well as an employer may be required to testify in an unemployment compensation case depending upon the circumstances of the case. *Vann v. Unemployment Compensation Board of*

---

[4] *See* N.T. from January 14, 1986 at p. 1.
[5] *See* N.T. from January 14, 1986 at p. 23.

*Review,* 508 Pa. 139, 494 A.2d 1081 (1985).[6] In situations where an employer's testimony is crucial, an employer should be compelled to testify. *Johnson v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 15, 452 A.2d 292 (1982) and *Unemployment Compensation Board of Review v. Cooper,* 25 Pa. Commonwealth Ct. 256, 360 A.2d 293 (1976). However, where an employer's testimony is not crucial, a referee is not obligated to subpoena a witness. *Ehmann v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 18, 483 A.2d 587 (1984) and *Johnson.*

Therefore, if Employer's testimony was crucial, then the referee should have compelled Employer to testify. Claimant admits that he voluntarily terminated his employment pursuant to a program offered by Employer and that it was a permanent separation of employment. Claimant further admitted that he did not know when he accepted the plan, whether or not his position would have in fact been eliminated. Claimant's testimony was supported by a statement made by Employer and admitted into evidence, which indicated that Claimant voluntarily quit under an OL&S plan. Claimant did not object to the admission of this statement into evidence and in fact admitted to the referee that the statement was true.[7] Thus, we cannot conclude based upon Claimant's own testimony that Employer should have been compelled to testify. Moreover, we also are not persuaded that prejudicial error occurred when the referee advised Claimant she could not force Employer to testify.

---

[6] In unemployment compensation cases, there is no absolute right to remain silent. *Harring v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 173, 452 A.2d 914 (1982). Rather, whether the referee should require a party to testify is a question peculiar to the facts of that case. *Harring.*

[7] *See* N.T. from January 14, 1986 at pp. 2-3.

In addition, when a trancript clearly shows that a referee actively assisted a claimant in presenting testimony, no prejudicial error will be found. *See Brennan v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 265, 487 A.2d 73 (1985). In the case at hand, the transcript consists of twenty-four pages which the referee devoted to questioning the Claimant and assisting Claimant in developing his case. Our careful review of the record has disclosed that Claimant's own testimony supports the referee's findings.

Therefore, for the reasons set forth herein, we will affirm.

### ORDER

AND NOW, this 26th day of August, 1987, the order of the Unemployment Compensation Board of Review in regard to the above-captioned matter is hereby affirmed.