**Rose PLATZ, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 30, 1998.

Decided March 27, 1998.

Andrew M. Hladio, Ambridge, for petitioner.

Judith M. Gilroy, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

LORD, Senior Judge.

Rose Platz petitions for review of an Unemployment Compensation Board of Review (Board) order upholding a referee's decision to deny her unemployment compensation. The Board concluded that Platz voluntarily left her employment at Anthony's Fried Provolone without necessitous and compelling cause and was therefore ineligible for compensation pursuant to Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

At issue on appeal is whether Platz, who was unrepresented by counsel, was afforded a fair and impartial hearing before the unemployment compensation referee; and whether the board erred in concluding that Platz did not establish a necessitous and compelling cause to leave her employment.

Whether an employee has necessitous and compelling cause for leaving his or her employment is a question of law reviewable by this Court. *PECO Energy v. Unemployment Compensation Board of Review,* 682 A.2d 40 (Pa.Cmwlth.1996). It has been held that such compelling cause arises from circumstances that produce real and substantial pressure to terminate one's employment—that is, pressure or forces which would compel a reasonable person to act in the same manner. *D'Andrea Wine & Liquor v. Unemployment Compensation Board of Review,* 161 Pa.Cmwlth. 149, 636 A.2d 279 (1993).

Platz does not specifically challenge the Board's findings of fact as unsupported by the evidence. We recite them here:

1. For the purpose of this appeal, the claimant was employed between 1984 and April 3, 1997 as a food production worker for Anthony's Fried Provolone, at a final hourly rate of $5.90.

2. Throughout her employment, the claimant had difficulty getting along with her co-workers and the employer warned her about this in February, 1995.

3. The claimant felt that a co-worker was threatening her at about the end of March, 1997.

4. During this time the claimant sought a meeting with the employer, through her supervisor, but the employer was hesitant to arrange such a meeting hoping the claimant could work the situation out on her own.

5. The claimant could have approached the employer directly about this meeting, but she did not do so.

6. On April 3, 1997, another incident occurred between the claimant and the co-worker. The claimant told the supervisor that she was ill and that she was leaving.

7. The supervisor went to get the employer and the employer prepared to meet with the claimant.

8. The claimant left the worksite and did not contact the employer again.

The Board rendered these findings on consideration of the testimony of Platz and the

employer's witness, Nancy Helm. It is, of course, the Board's province to assess credibility, to weigh conflicts in the evidence and to draw reasonable inferences therefrom in its exclusive role as fact finder. Those findings are conclusive on appeal unless specifically challenged. *Salamak v. Unemployment Compensation Board of Review,* 91 Pa.Cmwlth. 493, 497 A.2d 951 (1985). This Court's scope of review, which is limited to determining whether challenged findings of fact are unsupported by the evidence, whether constitutional rights were violated, or whether an error of law was committed, *Peoples First National Bank v. Unemployment Compensation Board of Review,* 159 Pa. Cmwlth. 134, 632 A.2d 1014 (1993), does not permit us to re-weigh the evidence or make credibility findings.

Platz points to numerous instances in her testimony in which she recounts the incidents of threats and harassment, and physical problems caused thereby. She commends us to cases in which we held that harassment—even minor harassment over an extended period of time—constituted compelling cause to terminate employment. *United States Banknote Company v. Unemployment Compensation Board of Review,* 133 Pa.Cmwlth. 317, 575 A.2d 673 (1990). *Wilson v. Unemployment Compensation Board of Review,* 49 Pa.Cmwlth. 464, 411 A.2d 573 (1980).[1] These cases, however, are distinct from the present one in a critical respect. In each of those cases, the claimant established by proof of his or her unsuccessful effort to remedy the workplace problem, that he or she had no real choice but to leave the job. In fact, in *Donaldson v. Unemployment Compensation Board of Review,* 62 Pa.Cmwlth. 41, 434 A.2d 912, 913–914, (1981), we said that while "[h]arassment by a supervisor or co-worker has been found to be a necessitous and compelling reason for voluntary termination ... a claimant must have made a reasonable effort to obviate his problem and maintain his employment status."

The Board found here that in the three-day period during which Platz felt a co-worker was harassing her, Platz sought a meeting with the employer, but the employer did not make herself available. The Board also found that on the third and last day, the day Platz quit, she told her supervisor she was ill and leaving; thereupon, the supervisor sought a meeting with the employer and the employer prepared to meet with Platz. Platz had in the meantime left the workplace and did not contact the employer again. These findings are supported by the testimony of employer's witness (Notes of Testimony (N.T), Referee hearing, May 21, 1997, pp. 14–15) as well as Platz's own testimony:

C. Well, the only thing I could say about that is I wasn't very happy that Nancy never—all those days she never got together about his problem. This is a problem, the threats I had been getting all this time.

R. Did you ever go to Nancy?

C. The supervisor kept telling me and she kept telling us we were going to have a meeting.

R. Did you ever go to Nancy?

C. I have gone to Nancy many times before.

R. Did you go to Nancy between the 31 st , 2 nd and 3 rd?

C. They said she wasn't there. Every time ...

R. Did you check?

C. Marie's a supervisor

R. Did you check?

C. Well, I don't go up—she knows I never complained. And she can't say I complained on that job.

R. Okay, so does that mean you did not ...

C. No.

(N.T., p. 11).

The Board reasoned:

The claimant had been trying to get a meeting with the employer through her supervisor for several days. At the point that the employer realized that the situation would not be resolved by the two co-workers involved and called an immediate meeting, the claimant walked out.

---

1. Claimant also cites *Livingston v. Unemployment Compensation Board of Review,* 702 A.2d 20 (Pa. Cmwlth.1997), which is not a case where harassment prompted the claimant to quit.

Even if the claimant was ill at the time, she made no effort to contact the employer, explain the situation, and reschedule the meeting. The claimant has not shown that she made all reasonable efforts to resolve the problem.

■ We perceive no error of law in the Board's conclusion that Platz did not meet her burden of showing a necessitous and compelling cause to quit, because the Board concluded from the facts as found that Platz did not make "a reasonable effort to obviate [the] problem and maintain [her] employment status." *Donaldson.*

■ Platz argues, however, that we should reverse the board's decision because she was not afforded a fair and impartial hearing. Citing principally the Pennsylvania Code, Title 34, Section 101.21,[2] but also relying on the principles of due process as guaranteed by the United States and Commonwealth Constitutions, Platz contends that the referee unfairly restricted her testimony to the last three days of work, yet at the same time considered evidence by the employer relating to events going back further into previous month. Platz argues that the conduct of the hearing did not comport with the requirement that the tribunal give her, an uncounseled claimant, every assistance compatible with the impartial discharge of its duties. *Glammer v. Unemployment Compensation Board of Review*, 68 Pa.Cmwlth. 303, 449 A.2d 78 (1982). In *Glammer*, we held that the referee should, at a minimum, advise an uncounseled claimant of his or her right to have an attorney, to offer witnesses and to cross-examine adverse witnesses, and that that advice should appear of record. In this case, the advice, well amplified and clearly explained to Platz, can be found on pages four and five of the transcript of the referee's hearing. Moreover, we have read that transcript thoroughly and are satisfied that Platz was treated impartially and was not in any way prejudiced by the referee's conduct or statements. While the employer's witness mentioned problems with Platz's getting along with co-workers in the past several months, the reference was in explanation of the employer's desire to see employees attempt to resolve differences among themselves first. Moreover, Platz was encouraged and given multiple opportunities to cross-examine the employer's witness. It was Platz who alleged that three continuous days of threats and harassment at the end of March and the beginning of April compelled her to quit. The referee merely instructed Platz not to allow her testimony to go beyond specific incidents alleged to be her cause for quitting, into such nebulous areas as "the way [Platz] was treated half the time" or "in the past." (N.T., pp. 9, 10). In fact, the referee also counseled the employer's witnesses not to testify about events and "issues with [Platz]... over the years that she's been with us." (N.T., p. 13).

Having found no error of law in the board's decision or violation of Platz's rights to a fair and full hearing, we will uphold the Board's order denying compensation.

### ORDER

AND NOW, this 27th day of March, 1998, the order of the Unemployment Compensation Board of Review, No. B–362384, dated June 30, 1997 is affirmed.

---

2.  **34 Pa.Code § 101.21.**
    In a hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.