557 A.2d 52

Daniel J. Flannery, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Robert J. Manara,* with him, *Robert Senville,* for petitioner.

*John Herzog,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, April 10, 1989:

Daniel J. Flannery, Claimant, appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee and denied benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] The Board's decision is affirmed.

Claimant was last employed as a pattern maker by Weaver Industries, Inc. (Employer) from September 23, 1968 through May 22, 1987. Sometime in April, 1987, Employer offered all salaried employees aged fifty-seven and older the opportunity to voluntarily terminate their employment in order to take advantage of an advanced retirement package. This package entitled eligible employees to receive severance payments equal to one week's pay for each full year of service; a lump sum for any unused 1987 vacation days; and continuation of employee's health insurance benefits until medicare eligible or until hired by another company that offers insurance coverage. The Board found continuing work would have been available to Claimant had he decided not to accept the early retirement package. Claimant, however, accepted the early retirement package and received the benefits thereof. Subsequent to his decision, Claimant filed an application for benefits with the Office of Employment Security (OES) which denied him benefits pursuant to Section 402(b) of the Law. Claimant unsuc-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b), which provides in pertinent part that: "an employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . . provided further, that no otherwise eligible claimant shall be denied benefits for any week in which his unemployment is due to exercising the option of accepting a layoff, from an available position pursuant to labor management contract agreement or pursuant to an established employer plan, program or policy."

cessfully appealed to the referee and to the Board who also determined that Claimant was ineligible under Section 402(b). Hence, Claimant's petition to this Court for review.[2]

The issues before this Court are whether the Board erred as a matter of law in not finding the voluntary layoff option proviso to Section 402(b) applicable when considering Claimant's entitlement to benefits; and whether the Board erred in concluding that Claimant voluntarily terminated his employment without cause of a necessitous and compelling nature thus rendering Claimant ineligible for benefits pursuant to Section 402(b). The arguments will be discussed *seriatim*.

Claimant contends that the Employer plan was in essence a layoff plan thus placing his claim within the purview of the voluntary layoff option proviso. Although Claimant makes a valiant effort to transform the Employer's plan into a voluntary layoff plan, the record defies this transposition. Employer testified that this plan was introduced to reduce overhead costs but was purely a voluntary program for those people who wanted to retire. Employer testified further that if Claimant did not choose to exercise this option, things would proceed without any changes; and that Claimant was not facing an imminent layoff or salary cut. N.T., p. 10.

It is well established that the Board's findings of fact, as long as supported by evidence in the record, are conclusive on appeal. *Broadus v. Unemployment Compensation Board of Review*, 118 Pa. Commonwealth Ct. 196, 544 A.2d 1098 (1988). It is clear from the Employer's testimony that the Board's finding that Claimant volun-

---

[2] This Court's scope of review is limited to a determination of whether findings of fact are supported by substantial evidence; whether an error of law was committed; or whether any of Claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

tarily terminated his employment in order to avail himself of an advanced retirement package is supported by the evidence and thus shall not be overturned by this Court. *See Sievers v. Unemployment Compensation Board of Review*, 124 Pa. Commonwealth Ct. 52, 555 A.2d 260 (1989), *affirmed*, 520 Pa. 83, 551 A.2d 1057 (1989).

Claimant cites *Grace v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 86, 455 A.2d 729 (1983) for the two-prong test necessary to qualify for unemployment benefits under the voluntary layoff option proviso. Since Claimant failed to meet the second prong of the test, *i.e.*, exercise of a voluntary layoff option pursuant to contract or established employer plan, the Board committed no error in failing to find Claimant eligible under this proviso.

Claimant argues in the alternative that he had cause of a necessitous and compelling nature justifying his termination. As always, the burden of proving cause of a necessitous and compelling nature is on the Claimant. *Green v. Unemployment Compensation Board of Review*, 108 Pa. Commonwealth Ct. 216, 529 A.2d 597 (1987). Claimant attempts to justify his decision by arguing that his eventual layoff was inevitable, but such argument is purely speculative. Moreover, Claimant's attempts to establish the company's financial instability were refuted by Employer's testimony.

In support of this argument, Claimant cites *Aluminum Co. of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974) and *U.S. Steel v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 71, 333 A.2d 807 (1975) which are clearly distinguishable from the instant case. In *Aluminum Co. of America*, claimant was initially laid off and then accepted an early retire-

ment offer. The claimant was never offered another job position. Therefore, claimant acted with ordinary common sense and prudence in accepting early retirement over a vague and tenuous proposition to bump other less senior employees. This Court held that claimant did not voluntarily leave work without cause of a necessitous and compelling nature. In *U.S. Steel*, claimant voluntarily terminated his employment because his employer's offer of a lesser paying and lower skilled position after his department shutdown did not constitute suitable work. Hence, claimant's acceptance of early retirement did not constitute a voluntary termination without cause of a necessitous and compelling nature.

To the contrary, this Court has held that the decision to terminate employment to protect one's benefits or to avoid the reduction in pay and benefits does not constitute cause of a necessitous and compelling nature, provided, however, that the reduction is not so substantial as to compel a claimant to terminate his employment. *See Duquesne Light Co. v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 253, 436 A.2d 257 (1981); *Pacini v. Unemployment Compensation Board of Review*, 102 Pa. Commonwealth Ct. 355, 518 A.2d 606 (1986).

Accordingly, this Court finds that the Board committed no error in concluding that Claimant voluntarily terminated his employment. The Board's decision is affirmed.

## ORDER

AND NOW, this 10th day of April, 1989, this decision of the Unemployment Compensation Board of Review is affirmed.

Judge MACPHAIL did not participate in the decision in this case.