629 A.2d 176

**Robert E. EBY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1993.

Decided June 2, 1993.

Publication Ordered July 29, 1993.

Samuel K. Gates, for petitioner.

Linda S. Lloyd, Asst. Counsel and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert E. Eby (Claimant) appeals from an order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's denial of benefits to Claimant. We reverse.

DuPont Electronics (Employer) employed Claimant as a design draftsman. On October 1, 1991, Employer sent the following letter to certain employees including Claimant:

> The attached contains an estimate of the pension or separation incentive you will receive if you elect to voluntarily leave DuPont. It is based on an off-roll date of 12/31/91. You are receiving this information because *you are in a group that has identified work to be eliminated,* thereby making you eligible for the program.
>
> The purpose of these special incentives is to reduce the rolls through voluntary means thereby minimizing the need for an involuntary reduction of force.
>
>       *     \*     \*     \*     \*     \**
>
> You have until Monday, December 2, 1991, to elect to leave with an incentive. Although that's two months away, please begin the decision-making process now. Understand the

incentives and benefits for which you are eligible. Attend the seminars available through your site or business, involve your family and be realistic about your options.

Although it saddens me that we must take these actions, I believe they are critical in order to ensure the viability of our business in this increasingly competitive environment.

(Emphasis added).

The incentive plan offered the employees early retirement with 100% of what their retirement would be at age 62. Claimant believed that if he did not accept the incentive, his job would have been eliminated, leaving him unemployed without benefits. (Notes of Testimony of April 3, 1992 hearing at 4). Employer neither contested the petition for benefits nor appeared at the hearing to present evidence. The referee denied benefits and the UCBR affirmed, holding that Claimant was ineligible for compensation because his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature. The UCBR concluded that Claimant failed to meet his burden to show cause of a necessitous and compelling nature for voluntarily terminating because continuing work was available at the time he left employment.

On appeal to this Court, Claimant argues that there is insufficient evidence in the record to support the UCBR's conclusion that there was available work for Claimant when he voluntarily terminated. We agree.

At the hearing before the referee, only Claimant presented evidence and testimony. Where the party with the burden of proof, as Claimant here, is the only party to present evidence and did not prevail before the UCBR, our scope of review on appeal is whether the UCBR committed an error of law or capriciously disregarded the evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). We first examine the record to determine whether the Claimant, as a matter of law, has met his burden. It is clear that the Claimant presented sufficient competent evidence in the absence of a credibility

determination to the contrary, to support and meet his burden of proof.

Whether a voluntary termination of employment was for cause of a necessitous and compelling nature is a legal conclusion always subject to appellate review. *Fetterman v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 233, 467 A.2d 402 (1983). We have carefully reviewed the letter sent by Employer to the employees scheduled for termination. We have also reviewed Claimant's testimony that he believed, and with reason, that he would be terminated effective December 31, 1991. While the Act does not specifically define what constitutes cause of a necessitous and compelling nature, the Supreme Court has described such cause as follows:

> Good cause for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

*Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358–59, 378 A.2d 829, 832–33 (1977).

In *Flannery v. Unemployment Compensation Board of Review,* 125 Pa. Commonwealth Ct. 64, 557 A.2d 52 (1989), we held that an employee, electing to accept a voluntary retirement package did not demonstrate a necessitous and compelling cause for terminating employment and that the claimant's speculation of an eventual layoff did not constitute such cause as to render the employee eligible for benefits. However, in *Flannery,* employer introduced evidence that continuing work was available. Here, there was no evidence from the Employer that continuing employment was available or that the Claimant was told that he would not be terminated if he did not accept the retirement package. Only Claimant's testimony demonstrated that he reasonably believed he would be terminated if he did not accept Employer's separation package.

The UCBR's opinion under the capricious disregard standard erred as a matter of law, since there was no competent evidence to support the UCBR's finding that continuing work was available. Claimant presented evidence in the form of Employer's letter and his testimony that supports the legal conclusion that his voluntary termination was for a necessitous and compelling reason.

Accordingly the order of the UCBR is reversed and Claimant is granted benefits.

## *ORDER*

AND NOW, this 2nd day of June, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and Claimant is granted benefits.

SMITH, J., dissents.