632 A.2d 1014

**PEOPLES FIRST NATIONAL BANK, Petitioner**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 13, 1993.

Decided Oct. 18, 1993.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Robert S. Mirin, for petitioner.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Peoples First National Bank (Employer) appeals from an order of the Unemployment Compensation Board of Review

(Board) which reversed the referee's denial of benefits to John A. Lutz (Claimant). We reverse.

Claimant was employed in a clerical position for Employer for thirty-two years. Because of its desire to reduce overhead costs and expenses by reducing the work force, Employer offered a voluntary enhanced early retirement package [1] to all employees who had fifteen years or more of service. During a meeting at which all eligible employees were offered the package, the employees were told that if they did not accept the offer, they may be laid off or transferred.

Claimant did not wish to be transferred or laid off. Therefore, he accepted the early retirement incentive.

Claimant filed an application for benefits which was denied by the Bureau of Unemployment Compensation Benefits and Allowances (Bureau). The Bureau determined that Claimant was ineligible under Section 402(b) of the Unemployment Compensation Law (Law) [2] because he voluntarily quit without cause of a necessitous and compelling nature. Claimant appealed the decision to a referee who affirmed. Claimant then appealed to the Board which affirmed the referee's denial of benefits.

Thereafter, Claimant filed a request for reconsideration with the Board, and Employer filed objections. Without stating the basis for its decision, the Board vacated its previous order and reopened the case. The Board, without taking additional evidence, made new findings of fact and reversed the referee's denial of benefits.

1. This package included continued pay of one week for each year of service up to twenty-six weeks plus an extra twelve weeks of pay. The package also included continued medical coverage, life insurance, 401(k) and pension plan participation for the duration of the severance period plus outplacement counseling designed to help employees embark on a new career.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b), which provides in pertinent part that "[a]n employe shall be ineligible for compensation for any week—(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature...."

On appeal to this court, three issues are presented: 1) whether the Board erred in failing to disclose its reasons for allowing reconsideration in its order granting the request or in its subsequent decision granting benefits; 2) whether the Board's findings of fact are supported by substantial evidence; and 3) whether the Board erred in concluding that Claimant voluntarily left work with cause of a necessitous and compelling nature.[3]

With respect to the first issue, Employer asserts that because the Board failed to state its reasons for granting reconsideration in its vacating order or in its subsequent decision granting benefits to Claimant, this case must be remanded to the Board. We disagree.

■ Relying upon *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa.Commonwealth Ct. 120, 407 A.2d 471 (1979), Employer correctly asserts that before the Board may agree to reconsider its own decision, there must appear of record some reason to support its exercise of discretion. Employer also accurately cites *Grcich v. Unemployment Compensation Board of Review*, 58 Pa.Commonwealth Ct. 62, 427 A.2d 299 (1981) for the principle that this court cannot ascertain whether the Board abused its discretion or lacked good cause for its ruling,[4] unless the reason for granting reconsideration appears in the record. In *Grcich*, the Board failed to state in its vacating order or its subsequent decision the basis upon which it granted reconsideration. As such, this court remanded the case to the Board to allow the record to reflect the reason for allowing reconsideration.

■ *Grcich* is readily distinguishable, however, from the instant case. Although the Board in the present appeal did

---

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Phoenixville Area School District v. Unemployment Compensation Board of Review*, 141 Pa.Commonwealth Ct. 555, 596 A.2d 889 (1991), *petition for allowance of appeal denied*, 529 Pa. 671, 605 A.2d 335 (1992).

4. Pursuant to the Board's regulations, "requests [for reconsideration] will be granted only for good cause in the interest of justice without prejudice to any party." 34 Pa.Code § 101.111(b).

not state its reasons for granting reconsideration in its vacating order or in its subsequent decision, its reasons in fact appear in the record. According to correspondence prepared for the approval of the Board's chairman, reconsideration was granted for "Other:—(Explain)—Hold for Com.Ct. decision in Dannecker [sic]." Original Record, Item No. 14.[5] This correspondence, which is part of the original record, indicates that the Board granted reconsideration because it was awaiting a decision in a case which was pending in the commonwealth court. Because the record clearly reflects the Board's reason in reopening the case, we conclude that we are able to exercise meaningful appellate review and that a remand to the Board is not required.

Moreover, we note that the Board's reopening of the case in anticipation of a clarifying opinion from this court was for good cause. Therefore, we conclude that the Board did not abuse its discretion in granting reconsideration of its previous decision.

With respect to the second issue, Employer challenges several of the Board's findings of fact on the basis that they are not supported by substantial evidence in the record.[6] The Board, in its brief, agrees and concedes this point. Board's Brief at 10. Our review of the record reveals that Employer and the Board are correct. Moreover, we conclude that the challenged findings are not essential to the resolution of this case.

Employer also makes a general assertion that the Board's findings are based upon Claimant's speculation as to what might occur in the future, with no sound basis in fact, and

5. This court filed an unreported decision in *Daneker v. Unemployment Compensation Board of Review*, 2282 C.D.1991, on August 7, 1992.

6. Specifically, Employer challenges findings 8, 9 and 10, which provide as follows:

8. Employees were informed that if business needs dictate[,] resigning employees may be requested to remain on the job for a limited period of time.

9. The claimant was not asked to remain on the job.

10. The claimant was not guaranteed work beyond the set retirement date of June 28, 1991.

therefore are not supported by substantial evidence. We disagree. Our review of the record indicates that the remaining findings are in fact supported by substantial evidence of record.

Regarding the third and final issue, Employer asserts that the Board erred in concluding that Claimant voluntarily terminated his employment with cause of a necessitous and compelling nature. Specifically, it is Employer's position that a claimant who voluntarily accepts an optional early retirement because of a subjective or speculative concern over the possibility of a lay off does not leave his employment with cause of a necessitous and compelling nature.

■ Whether a claimant had such cause is a question of law fully reviewable by this court. *Anchor Darling Valve Co. v. Unemployment Compensation Board of Review*, 143 Pa.Commonwealth Ct. 171, 598 A.2d 647 (1991). Although the Law does not expressly define what constitutes cause of a necessitous and compelling nature, our supreme court described it as follows:

'good cause' for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

*Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 358–59, 378 A.2d 829, 832–33 (1977).

In support of its position, Employer relies upon *Flannery v. Unemployment Compensation Board of Review*, 125 Pa.Commonwealth Ct. 64, 557 A.2d 52 (1989), in which this court held that an employee, who elected to accept a voluntary retirement package, did not demonstrate a necessitous and compelling cause for terminating employment and that the employee's speculation of an eventual layoff did not constitute such cause as to render the employee eligible for benefits.

We recently readdressed this issue in *Eby v. Unemployment Compensation Board of Review*, 157 Pa.Commonwealth Ct. 10, 629 A.2d 176 (1993) and granted benefits to a claimant

who accepted a voluntary early retirement package. In distinguishing *Flannery*, we noted that the employer in *Flannery* introduced evidence that continuing work was available, whereas the *Eby* employer did not appear at the hearing to present any evidence.

In reaching our decision in *Eby*, we specifically relied upon the claimant's testimony that he believed he would be terminated if he did not accept the incentive. We also relied upon a letter from his employer which informed him that "You are receiving this information [regarding the separation incentive] because *you are in a group that has identified work to be eliminated,* thereby making you eligible for the program." *Eby,* 157 Pa.Cmwlth. at 11, 629 A.2d at 177 (emphasis in original). On these bases, we concluded that the claimant reasonably believed that he would be terminated if he did not accept his employer's separation package and, therefore, his voluntary termination was for a necessitous and compelling reason.

Claimant in the present appeal, unlike the claimant in *Eby*, was not definitively told by Employer that his job was going to be eliminated. In a letter dated May 17, 1991, Employer notified Claimant, "Over the next several months, [Employer] will be restructuring a number of internal operations. As part of the transition process, we are offering our valued long-service employees the opportunity to resign and receive a special severance package...." Original Record, Item No. 3. Regarding the subsequent meeting at which the details of the plan were outlined, Claimant himself testified as follows:

CL [Claimant's Lawyer]: Were you ever told that you might be laid off if you didn't take that plan?

C [Claimant]: They said it was a *possibility, but they didn't think so.*

CL: And how was that stated?

C: Just like that.

CL: That it was a possibility that you'd be laid off.

C: *But that they didn't think so....*

Notes of Testimony of August 21, 1991 Hearing at 13 (emphasis added).

■ Based on this testimony, it is clear that Claimant's belief that a layoff was imminent was purely speculative. Claimant voluntarily terminated his employment as a matter of choice because he wished to avoid the possibility of being laid off in the future. At no time, did Employer state that Claimant's job was to be eliminated. Moreover, our review of the record also reveals that the testimony of Employer's witness, which Claimant did not refute, indicates that continuing work was available. Notes of Testimony at 21, 23–24.

We, therefore, conclude that Claimant's speculative belief that he would be terminated if he did not accept Employer's voluntary enhanced early retirement package is not cause of a necessitous and compelling nature. As such, Claimant is ineligible for benefits under Section 402(b) of the Law.

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, October 18, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.

PELLEGRINI, J., dissents.