Dennis SYLVESTER (Lead), Petitioner,

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Tina M. SOFTA (Lead), Petitioner,

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 14, 1995.

Decided May 10, 1995.

James R. Reehl, for petitioners.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Dennis Sylvester and Tina M. Softa (Claimants) petition for review of an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying them benefits. We affirm.

The record reflects that Claimants, employees of Giant Eagle Markets (Employer) in Uniontown, Pennsylvania, were members of Local 23 of the United Food and Commercial Workers Union (Union). Claimants were working under a labor management agreement between the Union and Employer that expired on March 9, 1991. Upon expiration of the labor management agreement, Claimants continued to work under the same terms and conditions of the agreement. A negotiating session for a new labor management agreement was scheduled for May 1, 1991.

Prior to the first negotiating session, the Union sent Employer a seventy-two-hour notice of work stoppage. However, no stoppage was commenced upon the expiration of the seventy-two-hour period and Claimants continued working under the same terms and conditions of the expired agreement.

On May 14, 1991, a membership meeting was held between bargaining unit employees and Union representatives. The employees of the Uniontown store voted to commence a work stoppage. Later that evening they met in Employer's parking lot and established picket lines.

Although the store was normally open on a twenty-four-hour basis, Employer closed the store that evening for safety purposes. As an additional safety measure, Employer placed boards over the store's plate glass windows the following day.

On May 16, 1991, in compliance with the Worker Adjustment and Retraining Notification Act (WARN Act), 29 U.S.C. §§ 2101–2109, Employer sent the Union correspondence giving notice that the Uniontown store would close sixty days from the date of the notice.[1] A new Giant Eagle store was being

1. Under the terms of the WARN Act, an employer must provide sixty days notice to its employees of a mass layoff or plant closing. An employer who fails to provide employees with sixty days notice is required to provide back pay to employees for

opened in the Uniontown area and Employer planned to close the store at issue when the new store was opened.

There were no customers after the first two days of the work stoppage and as a result, Employer was unable to operate the store as usual. Nonetheless, during the course of the labor dispute, the store remained open. Employer posted, on a weekly basis, work schedules for bargaining unit employees but the employees did not report to work. Several employees did work at the store during the period of the labor dispute but, because of the lack of customers, they did not perform their normal job functions.

On May 21, 1991, Employer submitted an updated proposal offer to the Union. After several negotiating sessions, the labor dispute was resolved. The Union membership ratified the new labor management agreement on July 7, 1991 and the employees, including Claimants, returned to work.

Claimants filed applications for benefits on May 21, 1991. The Office of Employment Security (OES) denied their benefits for the weeks ending May 18, 1991 through July 6, 1991 pursuant to Section 402(d) of the Pennsylvania Unemployment Compensation Law [2] and the rationale expounded in the case of *Unemployment Compensation Board of Review v. Fabric,* 24 Pa.Commonwealth Ct. 238, 354 A.2d 905 (1976). Claimants appealed, and the referee denied their benefits holding, *inter alia,* that the work stoppage was a strike rather than a lockout. The Board affirmed the referee's determinations without opinion.

On appeal to this Court,[3] Claimants present the following issues: (1) whether the work stoppage was a lockout *ab initio* due to

Employer's refusal to bargain; (2) whether the work stoppage, if initially a strike, was converted to a lockout; and (3) whether the futility doctrine excuses Claimants' failure to return to work under the preexisting terms and conditions of employment.[4]

■ Claimants assert the work stoppage at the Uniontown store was a lockout *ab initio* because Employer failed to bargain in good faith with the Union after the labor management agreement expired. When determining whether a work stoppage is a strike for which employees are disqualified from benefits, or a lockout rendering them eligible for benefits, courts must determine whether management or labor was responsible for causing the work stoppage. The test to make such a determination is found in *Erie Forge & Steel Corp. v. Vrotney Unemployment Compensation Case,* 400 Pa. 440, 163 A.2d 91 (1960). In *Vrotney,* the Pennsylvania Supreme Court pronounced the test as follows:

> Have the employees offered to continue working for a reasonable time under the pre-existing terms and conditions of employment so as to avert a work stoppage pending the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the pre-existing terms and conditions of employment pending further negotiations? If the employer refuses to so extend the expiring contract and maintain the status quo, then the resulting work stoppage constitutes a 'lockout' and the disqualification for unemployment compensation benefits in the case of

---

the period of the violation unless the employer can fit within one of the Act's exceptions.

**2.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(d).

**3.** Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation*

*Board of Review,* 159 Pa.Commonwealth Ct. 134, 632 A.2d 1014 (1993).

**4.** Because Claimants failed to allege in their statement of questions involved that the Board improperly applied the *Fabric* decision, the applicability or inapplicability of the decision cannot be decided here. Pa.R.App.P. 2116. Questions not presented in an appellant's statement of questions involved are deemed waived, and will not be considered on appeal. *Park v. Chronister,* 151 Pa.Commonwealth Ct. 562, 617 A.2d 863 (1992), *petition for allowance of appeal denied,* 534 Pa. 654, 627 A.2d 731 (1993).

a 'stoppage of work because of a labor dispute' does not apply.

*Id.* at 444–445, 163 A.2d at 94.

 Our review reveals that the record supports the Board's findings and conclusion that, under the analysis set forth in *Vrotney,* the work stoppage was a strike. After the labor management agreement expired, Claimants continued to work under its preexisting terms and conditions until May 14, 1991. On that date, Claimants formed picket lines at Employer's Uniontown store. Because Claimants were the first to refuse to continue operations under the status quo after the labor management agreement had expired and negotiations were continuing, we conclude that the work stoppage was a strike. *Philco Corp. v. Unemployment Compensation Board of Review,* 430 Pa. 101, 242 A.2d 454 (1968).

In the alternative, Claimants contend that if the work stoppage began as a strike, it was converted to a lockout when Employer gave employees the WARN Act notification. We acknowledge that a work stoppage that begins as a strike can be converted by subsequent events into a lockout or qualifying separation. *Hoffman v. Unemployment Compensation Board of Review,* 524 Pa. 470, 574 A.2d 57 (1990). However, in the present case, the WARN Act notice only informed employees that the store *would be closing* in sixty days. The Board found that during the weeks at issue, the store was never permanently closed. Furthermore, the Board found that some employees actually crossed the picket lines and continued to work at the store during the labor dispute. These findings, coupled with Employer's obvious willingness to allow Claimants to return to work under the prior terms and conditions of the labor management agreement, establish that the work stoppage did not become a lockout for purposes of Section 402(d).

Finally, Claimants assert that the "futility doctrine" excuses their failure to return to work under the terms and conditions of the expired labor management agreement. The futility doctrine holds that a union need not offer to continue working under the status quo if it is clear that the offer will not be accepted by the employer. *Grimm v. Unemployment Compensation Board of Review,* 127 Pa.Commonwealth Ct. 368, 561 A.2d 1286 (1989). As the Board found that work was available at all relevant times under the terms of the preexisting labor management agreement, the futility doctrine does not apply to the facts presented here.

We affirm.

## ORDER

AND NOW, this 10th day of May, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.