**Commonwealth v. Braun**

C.P. of Lycoming County, No. CR-1187-2012

*Martin L. Wade*, for Commonwealth.
*Brian Manchester*, for defendant.

GRAY, *J.*, January 3, 2014—

ORDER

And now, this 3rd day of January 2014, following oral argument on the Commonwealth's motion in limine held on December 20, 2013, it is hereby ordered and directed that the motion is granted in part and denied in part.

Factual and Procedural Background

On May 4, 2012, the police filed a criminal complaint against Tamara Braun, then 23 years old, for offenses which allegedly occurred on April 7, 2012. Braun was charged with: 1) driving under influence of alcohol or controlled substance (third offense) under 75 Pa. C.S.A. §3802(a)(1) (a misdemeanor 2); 2) driving under influence of alcohol

or controlled substance, highest rate of alcohol (third offense) under 75 Pa. C.S.A. §3802(c) (a misdemeanor 1); 3) careless driving under 75 Pa. C.S.A. §3714 ( a summary offense) and 4) driving while operating privilege is suspended or revoked under 75 Pa. C.S.A. §1543 (b) (1.1)(i) (B)(1) (a summary offense.)

Defense expert Dr. Jimmie Valentine authored an expert reported dated April 14, 2013. On November 27, 2013, the Commonwealth filed a motion in limine to preclude portions of the anticipated testimony by Dr. Valentine. A jury trial is scheduled for January 27 and 28, 2014 before Judge Richard A. Gray. This order and opinion addresses the motion and objections of the Commonwealth.

## Discussion

### A. Motion to Preclude Medical Testimony

The Commonwealth filed a motion to preclude Dr. Valentine from testifying that the defendant's medical history made her an unsuitable candidate for standard filed sobriety tests. This motion is based upon two objections. First, the Commonwealth argues that Dr. Valentine has insufficient qualifications to render testimony about the defendant's medical conditions, such as her knee or ankle injuries, because he is not a medical doctor, has no training or experience in orthopedics and therefore has no reasonable pretension to specialized knowledge in orthopedics or general medicine. Second the Commonwealth argues that Dr. Valentine cannot rely upon the defendant's medical records or any diagnosis in those records to testify about the defendant's medical conditions because such testimony would be based upon hearsay.

## 1. Insufficient Qualifications

First, the Commonwealth argues that Dr. Valentine has insufficient qualifications to render testimony about the defendant's medical conditions. "The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine." *Miller v. Brass Rail Tavern*, 664 A.2d 525, 528 (Pa. 1995) (citations omitted). Here, the proffered expert, Dr. Valentine, "is a pharmacologist, toxicologist, and analytical chemist who passed the [National Highway Transportation Safety Administration (NHTSA)] NHTSA DUI Detection and Standardized Field Sobriety Course." Defendant's answer to Commonwealth's motion in limine (answer), ¶7. The court agrees that the expert does not have specialized knowledge with respect to treating or diagnosing medical conditions, including orthopedics. In that respect, the court grants the Commonwealth's motion to preclude Dr. Valentine from opining on whether the defendant suffers from a medical condition, such as a knee or ankle injury.[1] However, since Dr. Valentine passed the NHTSA DUI Detection and Standardized Field Sobriety Course, the court finds that Dr. Valentine possesses a "reasonable pretension to specialized knowledge" with respect to DUI detection and standardized field sobriety testing. Therefore, assuming the appropriate foundation is provided, the court will allow Dr. Valentine to testify about the limitations of sobriety testing for individuals who have suffered from a knee or ankle injury or symptoms claimed

---

1. The defense cites *Freed v. Geisinger Medical Center*, 5 A.3d 212 (2010). In *Freed*, however, the nurse was permitted to testify as to nursing standards that went to medical causation, not a diagnosis of a patient.

by the defendant.

2. Hearsay

The Commonwealth further asserts that Dr. Valentine should be precluded from testifying about defendant's medical conditions based upon hearsay in medical records. Pennsylvania courts have concluded that "hospital records are admissible only to show the fact of hospitalization, treatment prescribed and symptoms given." *Commonwealth v. Di Giacomo*, 345 A.2d 605, 608 (Pa. 1975). A physician's diagnosis, however, is an opinion which requires the availability of testimony by the physician, subject to cross examination. *Id.* Since Dr. Valentine is not a medical doctor and does not rely upon the diagnosis of others to opine as to a diagnosis of an individual, the court grants the Commonwealth's motion to preclude Dr. Valentine from testifying that the defendant suffers from a diagnosis based upon medical records. However, testimony is permitted to the extent the testimony relies upon "treatment prescribed and symptoms given."

Furthermore, Dr. Valentine may provide opinions within his area of expertise based upon facts or data reasonably relied upon by experts in his field. Pa. R.E. 703 permits an expert to base his opinion on facts or data reasonably relied upon by experts in the field in forming such opinions. Pa. R. E. 703 provides as follows.

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be

270

admissible for the opinion to be admitted. Pa. R. E. 703

"An expert is permitted to express opinions formulated, in part, upon materials which are not in evidence, but which are customarily relied upon by experts in the particular field." *See, Primavera v. Celotex Corp.*, 608 A.2d 515, 518 (1992) *alloc. denied* 622 A.2d 1374(1993)(citation omitted). "The law permits experts to render opinions based on factual findings made by another expert." *Commonwealth v. Fletcher*, 986 A.2d 759, 788 (Pa. 2009), citing, *See Commonwealth v. Vandivner*, 962 A.2d 1170, 1178-79 (Pa. 2009) "(holding that pathologist may offer opinions premised, in part, on information received from another coroner)."

In this case, the court found that Dr. Valentine possesses a "reasonable pretension to specialized knowledge" with respect to DUI detection and standardized field sobriety testing. Therefore, *with appropriate foundation*, the court will allow Dr. Valentine to testify about the suitability or limitations of sobriety testing for individuals who have suffered from a knee or ankle injury or other symptoms of the defendant. The jury shall be instructed appropriately regarding such testimony and both parties should submit proposed instructions.

B. Motion to Preclude Lay Observations by Defense Expert.

i. Misleading Testimony

The Commonwealth moves to preclude Dr. Valentine from providing his lay observations of the defendant in the DUI Center video because Dr. Valentine's expert status may "mislead the jury into assigning unwarranted weight" to those lay observations. To the extent that Dr.

Valentine offers lay testimony regarding the DUI Center video, defendant argues that the testimony is permissible in the same way that the police officer's testimony about observations of the DUI Center video would be admissible. The court agrees that a witness may provide both expert and lay opinion testimony. *Commonwealth v. Huggins*, 68 A.3d 962, 967 (Pa. Super. 2013)("the rules do not preclude a single witness from testifying, or offering opinions, in the capacity as both a lay and an expert witness on matters that may embrace the ultimate issues to be decided by the fact-finder.") Therefore, the Commonwealth's motion to preclude Dr. Valentine's lay observations of the DUI Center video is denied. However, both parties may submit proposed jury instructions that explain to the jury the weight to be afforded to the testimony.

C. Miscellaneous Issues

a. Relevance — *Miranda* warnings

The Commonwealth moves to preclude Dr. Valentine from testifying that the *Miranda* warnings given to the defendant were improper. In her *Answer*, the defendant asserts that "Dr. Valentine is not going to testify as to the propriety of the *Miranda* warnings." Answer, ¶25. Instead, the defendant "is using said statements, the physical mannerisms of defendant, here clear speech, and the context said statements were made under to show defendant was sober and there is a disconnect between the alleged test results and defendant's physical state at the time of the blood being drawn." Answer, ¶24. Therefore, the Commonwealth's motion is granted in that Dr. Valentine is precluded from testifying as to the propriety of the *Miranda* warnings. However, *with the proper foundation*, Dr. Valentine may testify about his

conclusions based upon the defendant's ability to answer the police officer with respect to the *Miranda* warnings during the blood draw.

### b. 404(b) notice

The Commonwealth moves to permit character evidence in rebuttal to anticipated testimony by Dr. Valentine. It is anticipated that Dr. Valentine will testify that the defendant did not appear intoxicated in the DUI Center video and/or that defendant did not have the demeanor or appearance of an individual with a blood alcohol count of .2. The purpose of the testimony is to cast doubt on the reliability of the blood alcohol count based upon defendant's appearance and demeanor. Part of Dr. Valentine's testimony is intended "to show defendant was sober" and that "there is a disconnect between the alleged test results and defendant's physical state at the time of the blood being drawn." Answer, ¶24. The Commonwealth argues this opens the door the admission of character evidence tending to show her propensities for consuming alcohol and her alcohol tolerance pursuant to *Commonwealth v. Ford*, 650 A.2d 433 (Pa. 1994).[2] The court does not believe that the proposed testimony of Dr. Valentine opens the door to character evidence in general because the testimony does not involve the character or

---

2. In *Commonwealth v. Ford*, during the sentencing phase of trial, a defense witness testified that the defendant had been in jail before. On cross-examination, the witness provided an unresponsive answer, revealing that the witness had last lived with defendant when he was out of jail. The prosecutor followed up with a question as to how long defendant was in jail. The witness answered eight years. The Superior Court stated that the trial court did not err in allowing the testimony. It stated that "once the defense witness opened the door, it was not improper for the prosecutor to elicit the challenged response." *Commonwealth v. Ford*, 650 A.2d at 442. The evidence "was designed to rebut the implication that … [the defendant] … would be amendable to rehabilitation." *Id.*

reputation of the defendant. That door would be open if the defense offered evidence that the defendant does not drink alcoholic beverages or only rarely drinks or similar evidence.

However, the court believes that proposed expert testimony may create a false impression that the defendant was sober because of her appearance if in fact the defendant's appearance was related to her tolerance for alcohol. "A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence." *Commonwealth of Pennsylvania v. Nypaver*, 69 A.3d 708, 717-718 (Pa. Super. 2013)(concluding that the door was not opened to prior bad acts), citing, *Commonwealth v. Puksar*, 951 A.2d 267, 280 (Pa. 2008) and *Duchess v. Langston Corp.*, 709 A.2d 410, 412 (Pa. Super. 1998). Since the court believes that proposed expert testimony may create a false impression from the conclusions about the appearance of the defendant in the DUI Center Video, the Commonwealth will be permitted on a limited basis with the proper foundation to introduce evidence to rebut any false impression created by the defense expert's testimony. Accordingly, the Commonwealth's motion to permit evidence to rebut the expert's testimony is granted in part and denied in part.

c. Missing Test Tubes

The Commonwealth seeks to preclude testimony by Dr. Valentine that two of three test tubes of blood drawn did not arrive at the lab for testing. The Commonwealth asserts that such testimony is irrelevant and would confuse the jury. The defendant asserts that the testimony is relevant to the chain of custody or lack thereof. "Evidence is

relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. Relevant evidence may be excluded "if its probative value is outweighed by a danger of ... confusing the issues [or] .. misleading the jury[.]" Pa.R.E. 403. The court finds that testimony about missing test tubes is not relevant because it does not make the test results that were obtained any more or less probable. Furthermore, such testimony about missing test tubes may confuse the issues or mislead the jury. Therefore, the Commonwealth's motion to preclude Dr. Valentine from testifying about missing test tubes is granted.

d. Preclude Expert Testimony Challenging Lab Instrumentation

The Commonwealth moves to preclude testimony challenging the validity of the lab results because the lab used in this case is a clinical laboratory approved by the Pennsylvania Department of Health and listed in the Pennsylvania Bulletin. "As a general rule, if a facility is approved by the department of health and listed in the Pennsylvania Bulletin, the trial court may take judicial notice that the facility satisfies the requirements of [75 Pa.C.S.] Section 1547[(c)]. *Commonwealth v. Hilliar*, 943 A.2d 984, 993 (Pa. Super. 2008). *See, also, Commonwealth v. Brown*, 632 A.2d 1014 (Pa. Super. 1993). As a result, the Commonwealth is not required to provide evidence to establish the test's reliability. The defense argues, however, that the defendant is not challenging the admissibility of the blood alcohol count results but rather the weight of the evidence. The defendant asserts that it may provide evidence to rebut the inference created by the lab being

approved by the department of health and listed in the Pennsylvania Bulletin. This court agrees. Therefore, the Commonwealth's motion to preclude any expert testimony that questions the validating of the testing procedures is denied.

D. Motion to Preclude Novel Theories — Frye Challenges

The Commonwealth moved to preclude testimony regarding multiple theories by Dr. Valentine regarding the BAC testing in this case as novel theories under a Frye challenge. Specifically, the Commonwealth raised Frye challenges to testimony about ethanol formation in whole blood, test tube preservation levels, single column chromatograph, gas chromatograms and peak tailing theory. On December 23, 2013, by email, the Commonwealth withdrew all Frye-type challenges at this time. Accordingly, the Frye-type challenges are hereby withdrawn.

E. Motion to Preclude Justification Defense

The Commonwealth moved to preclude the defendant from raising a justification defense. In her *Answer*, briefs and at oral argument, the defense stated that it would not assert a justification defense. Accordingly, the Commonwealth's motion is granted and the defendant is precluded from raising the justification defense at trial. No justification defense may be presented at trial, and no instruction will be given to the jury.

ORDER

For the reasons discussed above, it is ordered and directed as follows.

1. The Commonwealth's motion to preclude testimony by Dr. Valentine that the defendant has a diagnosis of a medical condition or suffers from medical conditions is granted. However, with the proper foundation, Dr. Valentine may to testify about the limitations of sobriety testing for individuals who have suffered from a knee or ankle injury or symptoms claimed by the defendant.

2. The Commonwealth's motion to preclude testimony by Dr. Valentine that the defendant suffers from a diagnosis based upon medical records that contain hearsay is granted. However, testimony is permitted to the extent the testimony relies upon "treatment prescribed and symptoms given." In addition, with appropriate foundation, the court will allow Dr. Valentine to testify about the suitability or limitations of sobriety testing for individuals who have suffered from a knee or ankle injury or other symptoms of the defendant. The jury shall be instructed appropriately regarding such testimony and both parties should submit proposed instructions.

3. The Commonwealth's motion to preclude Dr. Valentine's lay observations of the DUI Center video is denied. However, both parties may submit proposed jury instructions that explain to the jury the weight to be afforded to the testimony.

4. The Commonwealth's motion to preclude Dr. Valentine from testifying as to the propriety of the *Miranda* warnings is granted. However, with the proper foundation, Dr. Valentine may testify about his conclusions based upon the defendant's ability to answer the police officer with respect to the *Miranda*

warnings during the blood draw.

5. The Commonwealth's motion to permit character evidence tending to show defendant's propensities for consuming alcohol and her alcohol tolerance defendant's in rebuttal to the anticipated testimony by Dr. Valentine is granted in part on a *limited basis* and denied in part. The Commonwealth may not introduce general evidence regarding the defendant's drinking habits or prior bad acts. However, if the Commonwealth has expert evidence that an individual's propensities for consuming alcohol and alcohol tolerance can create a false appearance of sobriety, such testimony may be admitted to rebut testimony by Dr. Valentine that the defendant's demeanor and appearance was inconsistent with an individual with a blood alcohol count of .2.

6. The Commonwealth's motion to preclude Dr. Valentines' testimony about missing test tubes is granted.

7. The Commonwealth's motion to preclude Dr. Valentine's testimony challenging lab instrumentation because the lab was certified is denied.

8. The Commonwealth withdrew its Frye-type challenges at this time. Accordingly, the relevancy of the defendant's theories and the Frye-type challenges are hereby withdrawn.

9. The Commonwealth's motion to preclude a justification defense by the defendant is granted.