# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Morris A. Brown,               :
            Petitioner        :
                                   :
            v.               :    No. 1397 C.D. 2023
                                   :    Submitted: October 8, 2024
Unemployment Compensation Board    :
of Review,                           :
            Respondent      :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                  HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: November 7, 2024**

Morris A. Brown (Claimant), pro se, petitions for review of the September 18, 2023 Order of the Unemployment Compensation Board of Review (Board), affirming a Referee's determination that Claimant was ineligible for unemployment compensation (UC) benefits under Section 402(b) of the UC Law[1] because Claimant voluntarily resigned from his employment without a necessitous and compelling cause. We affirm the Board's Order.

## I. BACKGROUND

In March 2023, Cumberland-Dauphin-Harrisburg Transit Authority d/b/a rabbittransit (Employer) requested Claimant complete a substance abuse program

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

after it deemed Claimant refused to take a random drug test. (Certified Record (C.R.) at 34, 39.) Instead, Claimant resigned and applied for UC benefits, which were initially denied because Claimant's separation from Employer did not meet the requirements of Section 402(b) of the UC Law. (*Id.* at 47, 50.) The Local Service Center determined, despite continuing employment being available to him, Claimant chose to resign; thus, Claimant did not qualify for UC benefits. (*Id.* at 50.) Claimant timely appealed the determination, and a hearing was held before the Referee on June 27, 2023, at which Claimant testified as follows.[2] (*Id.* at 64, 77.)

On March 7, 2023, after returning to work following a two-week vacation, Employer requested Claimant submit to a random drug test. (*Id.* at 89-91.) During the test, Claimant did not provide Employer with the requisite quantity of urine. (*Id.* at 91.) Claimant testified that he had a medical explanation for his inability to provide the requisite quantity of urine: Claimant suffered from severe dehydration associated with diarrhea at the time of the test. (*Id.* at 90-91.) Before he attempted the test, Claimant informed both Employer and the nurse performing the test that he "probably won't be able to do it" because of his medical condition, *i.e.*, dehydration. (*Id.*) On March 10, 2023, Claimant spoke with two doctors. (*Id.* at 95.) Claimant testified that the doctors both wrote letters for him, which stated it was impossible for Claimant to perform the test under his medical condition at the time. (*Id.*) However, as Claimant testified, Employer determined Claimant did not provide adequate documentation to show his medical explanation was a valid medical excuse, which should have been filed before the test. (*Id.* at 92, 95.) Thus, per company policy, Employer deemed Claimant to have refused the random drug test. (*Id.* at 93.)

---

[2] The Department of Labor and Industry notified Employer of the hearing; however, Employer elected not to attend. (C.R. at 86.)

Thereafter, Claimant continued to testify, Employer requested Claimant participate in a substance abuse program.[3] (*Id.* at 93.) When Claimant inquired into what would happen if he elected not to enroll in the substance abuse program, Employer informed him he would be "subject to termination." (*Id.* at 90, 94.) Rather than participate in the substance abuse program, Claimant admitted he elected to voluntarily resign. (*Id.* at 90.) Claimant further testified that he decided to voluntarily resign because, if Employer terminated him, he would have lost his retirement benefits. (*Id.* at 94.) Further, as Claimant admitted in this testimony, Claimant did not file a grievance with his union in the required 10-day window to contest Employer's decision that Claimant refused the drug test. (*Id.* at 97.) Claimant also testified, however, that he was unaware of the grievance process until after the expiration date for the filing of a grievance. (*Id.*) Nevertheless, as of the date of the hearing with the Referee, Claimant testified that he still had not filed any grievance with his union regarding Employer's decision. (*Id.*)

Based upon that testimony, the Referee made the following relevant Findings of Fact:

> 2. On March 7, 2023, [] Claimant was selected to take a random drug test by [] Employer.
>
> 3. On March 7, 2023, [] Claimant failed to provide a sufficient quantity of urine in order to complete the random drug test.
>
> 4. [] Claimant did not present [] Employer with any documentation of a valid medical explanation as to why he could not provide a sufficient quantity of urine to take the test prior to or immediately following the random drug test.

---

[3] Employer requested Claimant enroll in the substance abuse program in accordance with Department of Transportation Regulations. (C.R. at 8, 39.)

3

5. Under [] Employer's policy, if an employee fails to provide a sufficient quantity of urine without a valid medical explanation, the employee is considered to have refused to take the test.

6. On March 27, 2023, [] Employer gave [] Claimant the option to enroll in a substance abuse program, or be subject to termination as [] Employer considered [] Claimant as refusing to take a random drug test on March 7, 2023.

7. On March 29, 2023, [] Claimant submitted a voluntary resignation form to [] Employer citing that his last date of work would be March 30, 2023 because he disagreed with the drug test refusal.

8. Prior to quitting, [] Claimant did not file a grievance in order to contest [] Employer's determination that [] Claimant refused to take a random drug test.

(Referee Decision at 2; C.R. at 106.)  In reaching these findings and its conclusion, the Referee reasoned:

> In this case, [] Claimant was given the opportunity to enroll in a substance abuse program or be subject to termination of employment. At the hearing, [] Claimant testified that he opted to voluntarily resign in order to keep his retirement rather than potentially be discharged and lose his retirement.  Although the Referee finds that [] Claimant was credible that he was subject to termination, his discharge from employment was not imminent or certain.  Additionally, [] Claimant did not file a grievance in order to contest [] Employer's decision regarding the drug test refusal.  As such, the Referee finds that [] Claimant's voluntary resignation was due to uncertainty and speculation over the future of his job and is therefore not a necessitous and compelling cause for the voluntary termination of employment. Accordingly, benefits must be denied under Section 402(b) of the Pennsylvania UC Law.

(Referee Decision at 2; C.R. at 106.)

Claimant appealed the Referee's decision, which the Board affirmed on September 18, 2023.  (Board Order.)  In its Order, "the Board adopt[ed] and

4

incorporate[d] the Referee's findings and conclusions." (*Id.* at 1.) Consistent with the Referee, the Board reasoned:

> Section 402(b) of the UC Law provides that a claimant shall be ineligible for [UC] due to voluntarily leaving work without cause of a necessitous and compelling nature.
>
> . . . .
>
> Since [] [C]laimant voluntarily left employment, the burden rests upon [C]laimant to show cause of a necessitous and compelling reason for so doing.
>
> . . . .
>
> The record reflects [] [C]laimant refused to enroll in a substance abuse program, which subjected him to termination. [] [C]laimant had the option to challenge [] [E]mployer's actions by filing a grievance, but failed to do so before resigning. Considering the availability of the grievance process, [] [C]laimant's termination was not imminent. [] [C]laimant has not proven a necessitous and compelling reason for voluntarily resigning under [Section] 402(b) of the [UC] Law.

(*Id.* at 2.) Accordingly, the Board affirmed the Referee's decision and held Claimant was ineligible for UC benefits. (*Id.*)

Claimant now petitions for review to this Court.

## II. PARTIES' ARGUMENTS

In his brief to this Court, Claimant sets forth two main arguments. First, Claimant argues Employer did not follow its own company policies when it refused to acknowledge Claimant's medical explanation for the drug test refusal, which Claimant asserts he supported with documentation from his physicians. Thus, according to Claimant, if Employer followed its own policies and properly acknowledged his medical explanation, it would have been unnecessary to voluntarily resign from his employment. Second, Claimant argues he was unable to

5

file a grievance against Employer with his union until after he enrolled and participated in the substance abuse program. Therefore, the grievance would be without merit and would gain him nothing because he would have already taken the program at his own expense.[4]

In response, Employer asserts Claimant did not meet his burden to prove he had a necessitous and compelling reason to voluntarily resign from employment.[5] First, Employer argues Claimant faced no real and substantial pressure to resign when Employer requested he participate in the substance abuse program because, although he would have been subject to termination if he declined to participate in the program, Claimant's termination was not imminent. Second, Employer argues an objectively reasonable person would not have acted in the same manner as Claimant because a reasonable person would have taken steps to preserve his employment, *i.e.*, participate in the substance abuse program or file a grievance against Employer. Third, Employer argues Claimant did not act with ordinary common sense because Claimant should have taken a less drastic measure than to resign in response to Employer's request. Finally, Employer argues Claimant did not make reasonable efforts to preserve his employment because he refused to participate in the substance abuse program and did not file a grievance with his union against Employer.

---

[4] Although Claimant testified to the Referee that he was unaware of the grievance process until after its 10-day expiration date, (C.R. at 97), Claimant did not raise that issue in his brief to this Court.

[5] On December 20, 2023, Employer intervened in this proceeding as a matter of course. Employer, as intervenor, filed a brief with this Court. The Board elected not to file its own brief because it believed Employer's brief adequately covered the issues it would have briefed.

## III. DISCUSSION[6]

The overarching issue in this matter is whether the Board erred in denying Claimant UC benefits pursuant to Section 402(b) of the UC Law, which provides, in pertinent part: "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). Accordingly, because Claimant admittedly resigned voluntarily, the dispositive issue before this Court is whether the Board erred in its determination that Claimant lacked a necessitous and compelling reason to voluntarily resign.

Under the UC Law, where a claimant resigns to avoid the possibility of termination, his resignation is considered a voluntary termination. *Smith v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 615, 620 (Pa. Cmwlth. 2021). To be eligible for UC benefits, "a claimant who voluntarily terminates [] employment bears the burden of proving that necessitous and compelling reasons motivated that decision." *Fitzgerald v. Unemployment Comp. Bd. of Rev.*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998). To meet this burden, the claimant must establish: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) [the claimant] acted with ordinary common sense; and (4) [the claimant] made a reasonable effort to preserve [their] employment." *Id.* "The question of whether a claimant had necessitous and compelling reason to terminate employment is a question of law reviewable by this Court." *Id.*

---

[6] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

7

First, a claimant must prove circumstances existed which produced real and substantial pressure on the claimant to terminate his employment, and which would compel a reasonable person to act in the same manner. *Id.* Uncertainty and speculation regarding the future existence of employment does not establish the requisite circumstances to create necessitous and compelling cause for the voluntary termination of employment. *PECO Energy Co. v. Unemployment Comp. Bd. of Rev.*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996). For example, in *PECO Energy Co.*, after her employer announced restructuring plans, a claimant refused to take a test to qualify for continuing employment, instead opting to voluntarily resign for a benefits package, because she feared she would not be retained even if she passed the test. *Id.* at 61-62. Despite the uncertainty regarding her future employment, this Court held the claimant did not have a necessitous and compelling cause to voluntarily resign in part because the fact her employment was not guaranteed did not create the requisite circumstances to establish such a cause. *Id.*; *see also Peoples First Nat'l Bank v. Unemployment Comp. Bd. of Rev.*, 632 A.2d 1014, 1018 (Pa. Cmwlth. 1993) ("[The c]laimant's speculative belief that he would be terminated if he did not accept [the e]mployer's voluntary enhanced early retirement package is not cause of a necessitous and compelling nature.").

Additionally, the claimant "must establish that he acted with ordinary common sense in quitting his job, that he made a reasonable effort to preserve his employment, and that he had no other real choice than to leave his employment." *PECO Energy Co.*, 682 A.2d at 61 (quoting *Stroh-Tillman v. Unemployment Comp. Bd. of Rev.*, 647 A.2d 660, 662 (Pa. Cmwlth. 1994)). "Where the claimant has failed to take all necessary and reasonable steps to preserve the employment relationship, he cannot demonstrate a necessitous and compelling reason for leaving his job and

8

is ineligible for benefits." *Hohl v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 622, 627 (Pa. Cmwlth. 2021) (citing *PECO Energy Co.*, 682 A.2d at 61). For example, in *PECO Energy Co.*, this Court held a claimant did not take all reasonable and necessary steps to preserve her employment because she precluded any possibility of doing so when she elected not to take a qualifying test to continue her employment. 682 A.2d at 61. Similarly, in *Drach v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 289 C.D. 2011, filed August 31, 2011), slip. op at 8,[7] this Court held the claimant did not take all reasonable and necessary steps to preserve her employment because she did not file an actual grievance with her union relating to the reason why she voluntarily resigned.

Here, the Board affirmed the Referee's decision and held Claimant is ineligible for UC benefits because Claimant lacked a necessitous and compelling reason to voluntarily resign from his employment under Section 402(b) of the UC Law. In reaching its conclusion, the Board reasoned Claimant had the opportunity to enroll in a substance abuse program or be subject to termination after he refused to take a random drug test. (Board Order at 2.) In response to this choice, Claimant opted to voluntarily resign from his employment to retain his retirement benefits rather than face possible termination and lose the benefits. (*See id.*; *see also* Referee Decision at 2; C.R. at 106.) Further, the Board found Claimant's termination was not imminent because of the availability of the grievance process. (Board Order at 2.) At no time before resigning, however, did Claimant file a grievance with his labor union to contest Employer's decision regarding his drug test refusal. (*Id.*) Accordingly, consistent with the Referee's decision, the Board concluded Claimant

---

[7] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

did not prove a necessitous and compelling reason for voluntarily resigning and, therefore, was ineligible for UC benefits. (*Id.*) We find the Board did not err.

First, Claimant resigned to avoid the possibility of termination. (C.R. at 90-94.) Thus, Claimant's resignation is voluntary. *See Smith*, 261 A.3d at 620. Essentially, Claimant argues that if Employer followed its own policies and acknowledged his medical explanation for the drug test refusal, it would have been unnecessary for him to voluntarily resign. Claimant, however, had the opportunity to continue his employment by enrolling in the substance abuse program. Instead, Claimant opted to resign to ensure he received his retirement benefits rather than face the possibility of termination and lose the benefits if he did not enroll in the program. Our case law is clear on this point: uncertainty and speculation regarding the future existence of employment does not establish the requisite circumstances to create necessitous and compelling cause for the voluntary termination of employment. *PECO Energy Co.*, 682 A.2d at 61; *Peoples First Nat'l Bank*, 632 A.2d at 1018. Therefore, similar to *PECO Energy Co.*, despite his uncertainty and speculation regarding his future employment, Claimant did not have a necessitous and compelling cause to voluntarily resign. *See* 682 A.2d at 61.

Moreover, Claimant did not take all reasonable and necessary steps to preserve his employment for two reasons. First, like the claimant in *PECO Energy Co.*, Claimant himself precluded any possibility of preserving his employment because he voluntarily elected to discontinue his employment by not participating in the requested substance abuse program. *See PECO Energy Co.*, 682 A.2d at 61. Second, like the claimant in *Drach*, Claimant did not take all reasonable and necessary steps to preserve his employment because he did not file a grievance with his labor union to contest Employer's decision regarding his drug test refusal. *See*

10

*Drach*, slip op. at 8. Although Claimant testified to the Referee he became aware of the grievance process after its 10-day filing date expired, here Claimant only argues he was unable to file a grievance with his union until after he participated in the substance abuse program, which would render the grievance moot because he would have already taken the program. However, this argument is misplaced because any grievance filed by Claimant would be to contest Employer's drug test refusal decision, not the consequences of said refusal, *i.e.*, the substance abuse program. In any event, months after he resigned and applied for UC benefits, Claimant still had not filed any grievance against Employer with his union. (C.R. at 97.) Accordingly, Claimant did not take all reasonable and necessary steps to preserve his employment because he could have preserved his employment by either enrolling in the substance abuse program or filing a grievance against Employer's drug test refusal decision. *See PECO Energy Co.*, 682 A.2d at 61; *Drach*, slip op. at 8.

For these reasons, Claimant did not meet his burden to prove a necessitous and compelling reason motivated his decision to voluntarily terminate his employment with Employer. Thus, Claimant is ineligible for UC benefits pursuant to Section 402(b) of the UC Law.

## IV. CONCLUSION

Accordingly, we affirm the Order of the Board.

_____
**RENÉE COHN JUBELIER,** President Judge

11

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Morris A. Brown,               :
            Petitioner       :
                                    :
           v.               :    No. 1397 C.D. 2023
                                    :
Unemployment Compensation Board    :
of Review,                             :
           Respondent    :

# O R D E R

NOW, November 7, 2024, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge